**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2936
_____

IN RE:  ROBERT R. DAVIES,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. No. 2-07-cr-00436-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 2, 2015
Before:  FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Filed: October 5, 2015)
_____

OPINION*
_____

PER CURIAM

Petitioner Robert Davies, a federal prisoner, filed this petition for a writ of

mandamus pursuant to 28 U.S.C. § 1651, seeking an order directing the United States

District Court for the Western District of Pennsylvania to rule on a motion to vacate his

sentence which was filed pursuant to 28 U.S.C. § 2255, on July 2, 2015.  For the

following reasons, we will deny the petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992).

An appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), but the manner in which a court controls its docket is discretionary, In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982). Davies' § 2255 motion was filed approximately three months ago. We do not hesitate to conclude that, with respect to his motion, this period of time does not rise to the level of undue delay and does not warrant our intervention. To the extent Davies is requesting that this Court order the District Court to grant his § 2255 motion and vacate his conviction, he is not entitled to the requested relief. Mandamus "should not be issued where relief can be obtained through an ordinary appeal." In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir. 1998) (quoting Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 462 (3d Cir. 1996)). Thus, we conclude that there is no basis here for an extraordinary remedy.

For the foregoing reasons, we will deny the petition for a writ of mandamus.